
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON,       )
                           )       No.  40582-6-III
          Respondent,      )
                           )
     v.                    )
                           )
TRAVIS JASON STOUGH,       )       UNPUBLISHED OPINION
                           )
          Appellant.       )

COONEY, J. — Travis Stough was convicted of possession of cocaine and

possession of methamphetamine with intent to deliver.  Mr. Stough appeals his

conviction for possession of methamphetamine with intent to deliver, arguing the State

presented insufficient evidence to support the conviction.  Mr. Stough also filed a

statement of additional grounds for review (SAG) raising two issues.  We disagree with

each argument and affirm.

## BACKGROUND

Mr. Stough and Stephanie Olson[1] were romantically involved until May 2023

and would often use methamphetamine together.  Mr. Stough was a regular

---

[1] She also goes by "Ms. Anderson" and "Stormy;" we refer to her as "Ms. Olson" for clarity.

methamphetamine user who would often consume an "eight-ball," (about 3.5 grams) of methamphetamine daily or every few days. Verbatim Rep. of Proc. (VRP) at 784, 787-88. After their relationship ended, Ms. Olson contacted the Grays Harbor County Drug Task Force to inquire about working as a confidential informant to "tak[e] care of" a burglary charge she "was facing." VRP at 660.

Under the supervision of the Grays Harbor County Drug Task Force, Ms. Olson purchased methamphetamine from Mr. Stough on three separate occasions at his residence in Ocean City, Washington. Detective Ryan Tully used information from these purchases to obtain a search warrant for Mr. Stough's residence. A subsequent search of Mr. Stough's residence yielded two vacuum sealed bags that had been cut open, one with the number "52" written on it, a "baggy of suspected methamphetamine" weighing 3.46 grams, hypodermic needles, a digital scale, and "various bags."[2] VRP at 475, 481, 628. Law enforcement discovered 4.5 grams of suspected cocaine in Mr. Stough's pocket when he was later arrested.

Relevant to this appeal, Mr. Stough was charged with possession of methamphetamine with intent to deliver based on law enforcement discovering

---

[2] These "various bags" were also referred to as "baggies" and "[Z]iplock bags." *See, e.g.*, VRP at 475, 488, 479.

methamphetamine and a panoply of drug-related items in his home.[3]  Trial commenced

on May 15, 2025.

At trial, Detective Tully testified that he was employed by the Grays Harbor

County Sheriff's Office and assigned to the Drug Task Force.  His experience

investigating drug-related crimes consisted of his previous employment with Pacific

County's Drug Task Force, completion of the Drug Enforcement Administration's basic

academy, and continued routine attendance at conferences and trainings related to drug

investigations.

Detective Tully testified, based on his training and experience, that (1) vacuum

sealed bags are typically used to condense controlled substances so the product can fit in

smaller spaces, (2) the number "52" written on the one of the vacuum sealed bags was "a

number the Mexican cartels use to kind of mark their product," (3) "[s]cales are used in

drug trafficking cases in weighing [the] drugs" to ensure "the drug dealer knows that they

are not giving away too much of their product," and (4) the baggies were "consistent with

packaging material" used for the sale of drugs.  VRP at 481-82, 488.

Detective Tully testified he executed a search warrant at Mr. Stough's residence

where he found a lockbox containing "a baggy of suspected methamphetamine . . . some

---

[3] The State also charged Mr. Stough with three counts of delivery of a controlled substance from Ms. Olson's controlled buys.  The trial court dismissed the three counts on the State's motion.

hypodermic needles . . . and just—just some various bags." VRP at 470, 475. He testified that he has "seized methamphetamine hundreds of times in [his] career [and] this is consistent with the same substance [he has] seen." VRP at 477. Detective Tully confirmed Ziplock bags were found and seized in Mr. Stough's residence because "[b]ags like this are, in [his] training and experience, are indicative of drug sales." VRP at 479-80. The bags were small and "consistent with [the] baggies that were used during the controlled purchases." VRP at 489. Detective Tully admitted he did not find any money or "crib notes"[4] during the search. VRP at 567.

Ms. Olson testified about her participation in the "operation with the Drug Task Force over the course of the summer of 2023." VRP at 663. She testified Mr. Stough had previously delivered methamphetamine to her "maybe 20" times, and she had gone to his house to buy methamphetamine "probably about 15 times." VRP at 666-68. She stated Mr. Stough kept the methamphetamine inside a "metal lockbox." VRP at 682. When she procured methamphetamine, Mr. Stough would take some out, weigh it, and put it in a sandwich bag for her.

Mr. Stough testified that he used methamphetamine daily during the spring and summer of 2023. Although Mr. Stough admitted to routinely purchasing drugs, he denied purchasing drugs with the intent of selling the drugs and denied ever selling drugs.

---

[4] "Crib notes" are written transactions commonly kept by drug dealers.

4

Mr. Stough testified, "Typically, I have probably an eight-ball, which would last me—depending on the day, it could last me for a day." VRP at 787. He also stated he portioned his drugs so he would only use one-half gram at a time in an effort to save money. He claimed the methamphetamine found in his home was for personal use.

Ultimately, the jury found Mr. Stough guilty of possession of cocaine [5] and possession of methamphetamine with intent to deliver.

Mr. Stough timely appeals.

ANALYSIS

SUFFICIENCY OF EVIDENCE

Mr. Stough argues insufficient evidence was presented for the jury to convict him of possession of methamphetamine with intent to deliver. We disagree.

The sufficiency of the evidence is a question of law this court reviews de novo. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). In a sufficiency of the evidence challenge, "we review the evidence in the light most favorable to the State to determine 'whether . . . any rational trier of fact could have found guilt beyond a reasonable doubt.'" *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004) (quoting *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)). "A claim of insufficiency admits

---

[5] The State charged Mr. Stough with possession of cocaine with intent to deliver. The jury found him guilty of the lesser included offense of possession of cocaine.

the truth of the State's evidence and all inferences that can reasonably be drawn from it."

*State v. DeVries*, 149 Wn.2d 842, 849, 72 P.3d 748 (2003).  We can infer criminal intent

from the defendant's conduct, and circumstantial evidence and direct evidence carry

equal weight.  *Varga*, 151 Wn.2d at 201.  However, "inferences based on circumstantial

evidence must be reasonable and cannot be based on speculation."  *State v. Vasquez*, 178

Wn.2d 1, 16, 309 P.3d 318 (2013).  We defer to the trier of fact on issues of conflicting

testimony, witness credibility, and the persuasiveness of evidence.  *State v. Thomas*, 150

Wn.2d 821, 874-75, 83 P.3d 970 (2004).

Mr. Stough argues the State failed to present sufficient evidence that he intended

to deliver the methamphetamine found in his home.

The elements of possession of a controlled substance with intent to deliver are

(1) unlawful possession, (2) with intent to deliver, (3) a controlled substance.  RCW

69.50.401(1).  Regardless of the quantity of a controlled substance, Washington law

forbids inferring intent to deliver from mere possession of controlled substances alone.

*State v. Brown*, 68 Wn. App. 480, 483-84, 843 P.2d 1098 (1993).  Rather, the possession

must be accompanied by at least one additional factor suggesting an intent to deliver.

*State v. Hagler*, 74 Wn. App. 232, 236, 872 P.2d 85 (1994).  Although not exclusive, an

additional factor may include the possession of money, scales, or sales records.  *See, e.g.*,

*State v. Hotchkiss*, 1 Wn. App. 2d 275, 280-81, 404 P.3d 629 (2017) ($2,150 in a safe

next to 8.1 grams of methamphetamine); *State v. Lane*, 56 Wn. App. 286, 297-98, 786

P.2d 277 (1989) (possession of cocaine, a scale, and $850); *State v. Campos*, 100 Wn. App. 218, 224, 998 P.2d 893 (2000) (possession of one ounce of cocaine coupled with $1,750 and a record of sales).

Here, Mr. Stough does not challenge that he unlawfully possessed methamphetamine, a controlled substance. Rather, he claimed at trial that the methamphetamine was for his personal use. He insinuated the scale was used to ration and divide the methamphetamine into daily quantities in baggies to conserve money. Although Mr. Stough's testimony is plausible, it does not meet the test we apply to a sufficiency of the evidence challenge.

In reviewing the evidence in a light most favorable to the State, sufficient evidence was admitted at trial to prove Mr. Stough possessed methamphetamine with the intent to deliver the methamphetamine. In a sufficiency of evidence challenge, this court must accept the State's evidence as true. In applying this principle, Detective Tully's testimony provides more than one additional factor, in addition to the presence of methamphetamine, evincing an intent to deliver. Accepting Detective Tully's testimony as true, the vacuum sealed bags, the number "52" written on one of the bags, the digital scale, and the "various bags" commonly used to deliver controlled substances were indicative of drug sales. VRP at 481, 475. Even though this evidence may also be consistent with Mr. Stough's claimed personal use, "it is the duty of the fact finder, not

7

the appellate court, to weigh the evidence." *State v. Goodman*, 150 Wn.2d 774, 783, 83 P.3d 410 (2004).

Based on Mr. Stough's admitted possession of methamphetamine in conjunction with Detective Tully's testimony, any rational trier of fact could have found beyond a reasonable doubt that Mr. Stough possessed the methamphetamine with intent to deliver the methamphetamine. Thus, sufficient evidence supports the conviction.

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

RAP 10.10 permits a defendant to file a SAG if he believes his appellate counsel has not adequately addressed certain matters. Mr. Stough filed a SAG raising two issues.

Mr. Stough first argues that a dashboard or body worn camera recording was not admitted into evidence and that he was not given the opportunity to review the recording. He contends there is evidence on the recording that "would have changed the way the trial went." SAG at 1.

We decline to review this issue. We cannot consider evidence outside the record on direct review; the proper way to address matters outside the record is through a personal restraint petition. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

Mr. Stough next argues that the lead investigator, presumably Detective Tully, was the only witness allowed to remain in the courtroom throughout the trial. He contends

8

the lead investigator was able to use the knowledge he gained from hearing other witnesses testify to make his testimony more effective and that it is "not fair." SAG at 1.

Because Mr. Stough's SAG is unsupported by any reasoned argument or citation to relevant legal authority, we decline review of his claimed error. *West v. Thurston County*, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012) (Passing treatment of an issue or lack of reasoned argument is insufficient to merit this court's consideration.).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Staab, C.J.

_____
Lawrence-Berrey, J.

9